UNITED STATES DISTRICT COURT

Northern District of California

| | |
|---|---|
| JAMES E. KROETCH, | No. C 11-2860 MEJ |
| Plaintiff, | **ORDER GRANTING DEFENDANT'S MOTION TO DISMISS** |
| v. | |
| BAC HOME LOAN SERVICES, et al., | |
| Defendants. _____/ | |

## I.   INTRODUCTION

Plaintiff James Kroetch ("Plaintiff") brings this action against Defendant Bank of America, N.A. ("Defendant") for breach of contract related to a mortgage loan on real property located at 3230 Greenhills Drive, Lafayette, California ("the Property"). Currently pending before the Court is Defendant's Motion to Dismiss Plaintiff's First Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Dkt. No. 17. Because the Court finds this matter suitable for resolution based on the parties' written submissions, the Court **VACATES** the hearing set for October 13, 2011. *See* Civil L.R. 7-1(b). After careful consideration of the parties' arguments, the Court **GRANTS** Defendant's motion for the reasons set forth below.

## II.   BACKGROUND

The following factual background is taken from Plaintiff's First Amended Complaint ("FAC"), filed August 25, 2011. Dkt. No. 15. In August 2007, Plaintiff obtained a mortgage loan promissory note from Defendant in the amount of $1,300,000, which was secured by a Deed of Trust on the Property. FAC ¶ 4. BAC Home Loans Servicing, LP was the servicer of Plaintiff's loan.[1]

---

[1] Effective July 1, 2011, BAC Home Loans Servicing, LP merged with and into Bank of America, N.A. under the provisions of the National Bank Act. Bank of America, N.A. is successor

1 The Property is just one of several properties that comprises Plaintiff's real estate portfolio. *Id.* at ¶
2 5. Plaintiff states that in 2007 his portfolio generated an annual income in excess of $100,000. *Id.*
3   In January 2010, Plaintiff alleges that he discovered that between 2005 and January 13, 2010,
4 Defendant "had performed acts within the banking industry that were careless, improper, and
5 possibly illegal that caused financial turmoil in the financial market which affected the values of real
6 property. Such acts were not known to [Plaintiff] until January 13, 2010, but [Defendant] has
7 admitted that it performed acts that cause such financial turmoil which led to a 'melt down' of the
8 real estate market." *Id.* at ¶ 6. Specifically, Plaintiff alleges that Defendant's Chief Executive and
9 President testified under oath that:

> "We understand the anger felt by many citizens."
>
> "We are grateful for the taxpayer assistance we have received."
>
> "Over the course of the crisis, we as an industry caused a lot of damage."

*Id.* at ¶ 7. Plaintiff alleges that this "melt down" resulted in losses to his real estate portfolio in excess of $1,200,000. *Id.* at ¶ 8.

In his FAC, Plaintiff brings one cause of action for breach of contract. He alleges that under the promissory note and deed of trust, Defendant had an implied duty of good faith and fair dealing to refrain from performing any act which would affect the right of Plaintiff to receive the benefits therein, and that this right has been severely impacted by Defendant's acts that caused the melt down. *Id.* at ¶ 10. As a result, Plaintiff states that Defendant's acts interfered with his ability to perform under the contract to the extent that the income from the investments no longer is sufficient to continue making the required payments. *Id.* He alleges that Defendant had a duty not to frustrate

---

by merger to BAC Home Loans Servicing, LP and, as a matter of federal law, is deemed to be the same company as BAC Home Loans Servicing, LP and all rights, franchises, and interests of BAC Home Loans Servicing, LP are transferred to and vested in Bank of America, N.A., without any deed or other transfer. Accordingly, the name of the defendant has changed to Bank of America, N.A., as
successor by merger to BAC Home Loans Servicing, LP. Def.'s Mot. 2, Dkt. No. 17.

1 his rights, that it knew the melt down would impact his ability to make payments, and that he
2 suffered damages proximately caused by Defendant's conduct. *Id.* at ¶¶ 11-14.

3     In response to Plaintiff's FAC, Defendant filed the present Motion to Dismiss, arguing that
4 Plaintiff fails to state a claim upon which relief can be granted. Dkt. No. 17. Plaintiff filed an
5 Opposition on September 15, 2011, Dkt. No. 20.

### III. LEGAL STANDARD

7     A motion to dismiss a complaint under Federal Rule of Civil Procedure ("Rule") 12(b)(6)
8 tests the legal sufficiency of the claims asserted in the complaint. *Navarro v. Black*, 250 F.3d 729,
9 732 (9th Cir. 2001). Rule 8(a)(2) requires that a pleading stating a claim for relief contain "a short
10 and plain statement of the claim showing that the pleader is entitled to relief." The function of this
11 pleading requirement is to "give the defendant fair notice of what the . . . claim is and the grounds
12 upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "While a complaint
13 attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's
14 obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and
15 conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual
16 allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555 (internal
17 citations and parentheticals omitted). In considering a 12(b)(6) motion, "[a]ll allegations of material
18 fact are taken as true and construed in the light most favorable to plaintiff. However, conclusory
19 allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for
20 failure to state a claim." *Epstein v. Wash. Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996); *see also
21 Twombly*, 550 U.S. at 555.

22     If the court dismisses the complaint, it should grant leave to amend even if no request to
23 amend is made "unless it determines that the pleading could not possibly be cured by the allegation
24 of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (*quoting Cook, Perkiss and
25 Liehe, Inc. v. N. Cal. Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990)).

### IV. DISCUSSION

27     In its Motion, Defendant argues that the implied covenant of good faith and fair dealing is

1  limited to assuring compliance with the express terms of the contract, and that Plaintiff does not
2  allege any breach of those express terms. Mot. at 4.  Defendant further argues that although Plaintiff
3  alleges that Defendant owed him a duty to disclose its generalized acts within the banking industry,
4  particularly those that caused a "melt-down" of the real estate market, there is no duty on lenders to
5  disclose general banking practices or business decisions. *Id.*

6  In response, Plaintiff argues that "[t]here really is no doubt" that "the Note and Deed of Trust
7  are contracts between Plaintiff and Bank of America," "Bank of America's performance is
8  required," "Bank of America is responsible for the real estate melt down," and "that there is a direct
9  connection between the melt down of the real estate market and Plaintiff's damages." Opp'n at 4.

10  The elements of a cause of action for breach of contract are: (1) the existence of the contract;
11  (2) performance by the plaintiff or excuse for nonperformance; (3) breach by the defendant; and (4)
12  damages. *First Commercial Mortgage Co. v. Reece*, 89 Cal. App. 4th 731, 745 (2001). A breach of
13  contract may be established on the basis of either an express provision of the contract or on the
14  implied covenant of good faith and fair dealing. *Storek & Storek, Inc. v. Citicorp Real Estate, Inc.*,
15  100 Cal. App. 4th 44, 55 (2002) (recognizing that "every contract imposes upon each party a duty of
16  good faith and fair dealing in the performance of the contract such that neither party shall do
17  anything which will have the effect of destroying or injuring the right of the other party to receive
18  the fruits of the contract"). The "implied covenant of good faith and fair dealing is limited to
19  assuring compliance with the express terms of the contract, and cannot be extended to create
20  obligations not contemplated by the contract." *Pasadena Live, LLC v. City of Pasadena*, 114 Cal.
21  App. 4th 1089, 1093-94 (2004) (citation omitted). Thus, "[i]n order to state a claim for breach of an
22  implied covenant of good faith and fair dealing, the specific contractual obligation from which the
23  implied covenant of good faith and fair dealing arose must be alleged." *Inter-Mark USA, Inc. v.
24  Intuit, Inc.*, 2008 WL 552482, at *6 (N.D. Cal. Feb.27, 2008) (citing *Love v. The Mail on Sunday*,
25  2006 WL 4046180, at *7 (C.D. Cal. Aug.15, 2006)). This is because "[i]t is universally recognized
26  [that] the scope of conduct prohibited by the covenant of good faith is circumscribed by the purposes
27  and express terms of the contract." *Id.* at *7. In addition, "[f]acts alleging a breach, like all essential
28

elements of a breach of contract cause of action, must be pleaded with specificity." *Levy v. State Farm Mut. Auto. Ins. Co.*, 150 Cal. App. 4th 1, 5 (2007). Thus, to state a claim for breach of the implied covenant of good faith and fair dealing, a plaintiff must identify the specific contractual provision that was frustrated. *Lingad v. Indymac Federal Bank*, 682 F. Supp. 2d 1142, 1154 (E.D. Cal. 2010).

Here, Plaintiff has not identified any specific contractual provision allegedly breached by Defendant in support of his breach of contract claim. Nor has he identified a specific contractual provision that was frustrated in support of his claim for breach of the implied covenant of good faith and fair dealing. Plaintiff argues that the Note and Deed of Trust "clearly set forth the obligation of Plaintiff to make payments under the Note or face foreclosure under the Deed of Trust," and that his "ability to make the payments under the Note has been frustrated as a result of Bank of America's conduct." Opp'n at 9. However, he fails to identify any specific contractual provision which requires Defendant to ensure that Plaintiff has the ability to repay the loan. "A lender is under no duty 'to determine the borrower's ability to repay the loan . . . . The lender's efforts to determine the credit worthiness and ability to repay by a borrower are for the lender's protection, not the borrower's." *Perlas v. GMAC Mrtg., LLC*, 187 Cal. App. 4th 429, 436 (2010). Similarly, a lender "owes no duty of care to the [borrower] in approving [his] loan." *Wagner v. Benson*, 101 Cal. App. 3d 27, 35 (1980) (citations omitted). Therefore, Plaintiff fails to state a claim for breach of contract.

Further, there is no special relationship between Plaintiff and Defendant. "Generally, no cause of action for the tortious breach of the implied covenant of good faith and fair dealing can arise unless the parties are in a special relationship with fiduciary characteristics." *Pension Trust Fund v. Fed. Ins. Co.*, 307 F.3d 944, 955 (9th Cir. 2002). "[T]he implied covenant tort is not available to parties of an ordinary commercial transaction where the parties deal at arms' length." *Id.* (citation omitted). California courts do not invoke a special relationship between a lender and borrower. *See Kim v. Sumitomo Bank*, 17 Cal. App. 4th 974, 979 (1993) ("the relationship of a bank-commercial borrower does not constitute a special relationship for the purposes of the covenant of good faith and fair dealing"); *Mitsui Mfrs. Bank v. Superior Court*, 212 Cal. App. 3d

5

1 726 (1989) (borrower precluded from asserting tortious breach of implied covenant of good faith and
2 fair dealing claim against lender). An exception to this general rule may exist if "the financial
3 dependence or personal security by the damaged party has been entrusted to the other" or "when [the
4 lender] excessively controls or dominates the borrower." *Pension Trust Fund*, 307 F.3d at 955
5 (citations omitted).

6 Although Plaintiff alleges that he has been damaged by Defendant's actions, the FAC fails to
7 adequately allege that Plaintiff's "financial dependence or personal security . . . has been entrusted
8 to" Defendant or that Defendant "excessively controls or dominates" Plaintiff. *Id.* at 955. Thus, the
9 Court finds that the FAC fails to adequately allege that Plaintiff and Defendant "are in a special
10 relationship with fiduciary characteristics." *Id.* Accordingly, Plaintiff has failed to plead a plausible
11 breach of contract claim and Defendant's motion to dismiss must be granted.

## V. CONCLUSION

For the reasons set forth above, the Court **GRANTS** Defendant's motion to dismiss. As the pleading could not possibly be cured by the allegation of other facts, dismissal is without leave to amend.

**IT IS SO ORDERED.**

Dated: September 27, 2011

_____
Maria-Elena James
Chief United States Magistrate Judge